# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL ANDREA JONES, ) | |
| ) | |
| Movant, ) | |
| ) | No. 16-1172-JDT-egb |
| VS. ) | Crim. No. 07-10064-JDT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255, DENYING CERTIFICATE OF APPEALABILITY, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court is a motion pursuant to 28 U.S.C. § 2255 filed by the Movant, Michael Andrea Jones. For the reasons stated below, the Court DENIES the § 2255 motion.

On May 14, 2007, a federal grand jury issued a four-count indictment charging Jones with knowingly possessing and receiving a firearm after conviction of a felony, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) (count one); knowingly possessing an improvised destructive device made in violation of 26 U.S.C. §§ 5845, 5861(c) and 5871 (count two); knowingly possessing an unregistered improvised destructive device, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871; and knowingly possessing an improvised destructive device that was not identified by a serial number, in violation of 26

U.S.C. §§ 5841, 5861(i) and 5871. On September 2, 2009, Jones entered a guilty plea to counts one and four. At a hearing on March 16, 2010, he was sentenced to concurrent 84-month terms of imprisonment on each count. The Court also imposed a five-year term of supervised release. Jones did not file a direct appeal. On June 22, 2016, he filed the present motion pursuant to 28 U.S.C. § 2255. (ECF No. 1.) According to the Bureau of Prisons Inmate Locator, Jones was released from prison on February 17, 2017;[1] therefore, he is presently serving his term of supervised release.[2]

Pursuant to 28 U.S.C. § 2255(a),

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error

---

[1] *See* https://www.bop.gov/inmateloc/.

[2] A § 2255 movant who is serving a term of supervised release satisfies the statute's "in custody" requirement. *See United States v. Sferrazza*, 645 F. App'x 399, 404-05 (6th Cir. 2016); *see also Hampton v. United States*, 191 F.3d 695, 697 (6th Cir. 1999) (§ 2255 motion filed while the movant was in custody does not become moot if the sentence fully expires while the § 2255 proceeding is pending). However, because Jones appears to challenge only the custodial portion of his sentence and not his conviction itself, it is possible that his § 2255 motion is moot. *See United States v. Perotti*, 702 F. App'x 322, 323-24 (6th Cir. 2017) (released movant who challenged the length of his custodial sentence and not the conviction itself appealed ruling on § 2255 motion; Court of Appeals held the appeal of the § 2255 motion was moot because movant could point to no continuing adverse consequences from the completed part of his sentence). Nonetheless, Jones is not entitled to relief even if his §2255 motion is not moot; therefore, the Court declines to require a response from the United States to address that issue.

2

of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (internal quotation marks omitted).

After a § 2255 motion is filed, it is reviewed by the Court and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings (§ 2255 Rules). "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Id.*

The single issue raised in Jones's § 2255 motion is whether his sentence is unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court invalidated a portion of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The ACCA requires a fifteen-year sentence for a felon who is convicted of unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g) and who has three prior convictions "for a violent felony or a serious drug offense, or both." *Id.* § 924(e)(1). A "violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another," (2) "is burglary, arson, or extortion, involves use of explosives," or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(i)-(ii). The last part of that definition is commonly referred to as the "residual clause." In *Johnson*, the Supreme Court held the ACCA's residual clause was unconstitutionally vague and that increasing a defendant's sentence under the clause was, therefore, a denial of due process. 135 S. Ct.

at 2560-63. The Supreme Court has held the decision in *Johnson* is retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

Jones was not sentenced under the ACCA. However, his sentencing range was calculated pursuant to U.S.S.G. § 2K2.1, which requires a base offense level of "22, if . . . the defendant committed any part of the instant offense subsequent to sustaining at least one felony conviction of either a crime of violence or a controlled substance offense." *Id.* § 2K2.1(a)(3). "Crime of violence" is defined in the Commentary to § 2K2.1 by incorporating the definition of that term from § 4B1.2(a), the Guideline applicable to career offenders. *See id.* § 2K1.2 cmt. n.1 (2008). The residual definition of "crime of violence" in § 4B1.2(a) was identical to the residual clause of the ACCA invalidated in *Johnson*.[3]

In the Presentence Investigation Report (PSR) prepared for Jones's sentencing, the Probation Office determined that his prior Tennessee conviction for aggravated burglary qualified as a crime of violence. (PSR ¶ 12 & Worksheet A.) However, following the decisions in *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Sixth Circuit held that "[b]ecause Tennessee's aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA." *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *cert. granted*, 138 S. Ct. 1592 (2018) (No. 17-765). Therefore, Jones argues that his sentence was invalid because he does not have a prior offense that would require a base offense level of 22. However, Jones's claim is foreclosed by the Supreme

---

[3] The amendment of the definition of "crime of violence" in § 4B1.2(a), effective August 1, 2016, excised the residual clause and also made other changes.

4

Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). *Beckles* held the decision in *Johnson* did not apply to the identically-worded residual definition of "crime of violence" in U.S.S.G. § 4B1.2(a) because the advisory "Guidelines are not amenable to a vagueness challenge." 137 S. Ct. at 894. Jones's sentence was imposed under the advisory Guidelines; therefore, he cannot raise a vagueness challenge to § 4B1.2(a).

Jones's § 2255 motion, together with the files and record in this case, "conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), § 2255 Rules. A response from the United States is not necessary. Accordingly, the § 2255 motion is DENIED.

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability (COA) "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate.

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue(s) which satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

The issue raised in this § 2255 motion is without merit for the reason previously stated. Therefore, the Court DENIES a certificate of appealability.

In order to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the $505 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, a movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

For the same reasons the Court denies a certificate of appealability, the Court also CERTIFIES, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Jones would not be taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                              s/ **James D. Todd**
                                              JAMES D. TODD
                                              UNITED STATES DISTRICT JUDGE